UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAMIR SALADIN RUSHDAN,<br><br>              Plaintiff,<br><br>       v.<br><br>YASSER MANSOOR, et al.,<br><br>              Defendants. | No.   2:24-cv-2183 CSK P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed solely on his Eighth Amendment claims against defendant Yasser Mansoor, or plaintiff may elect to amend his complaint as discussed below.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.   DISCUSSION

Plaintiff's complaint states a potentially cognizable Eighth Amendment claim against defendant Yasser Mansoor based on plaintiff's allegations that defendant Mansoor refused to treat plaintiff's keloids, despite plaintiff's known medical history of painful keloids that quickly develop recurrent infections. Even though defendant Mansoor was aware of plaintiff's medical history, including knowing the keloids would become infected the next day, defendant Mansoor refused to provide antibiotics or otherwise treat plaintiff's keloids. Instead, defendant Mansoor ordered a blood test to determine if plaintiff had an infection, which plaintiff knew would take days to receive the results. Plaintiff's keloids then became infected, swollen, and oozing pus. Defendant Mansoor then failed to provide plaintiff with results from the blood test, and again failed to provide plaintiff an antibiotic even after the blood test results showed plaintiff had an infection. Plaintiff seeks money damages.

Plaintiff also names two "appeals responders"—S. Gates and E. Davis—as defendants. However, plaintiff provides no specific charging allegations as to each of these named defendants. Due to plaintiff's failure to provide facts as to defendants S. Gates and E. Davis, the Court cannot determine whether plaintiff can state cognizable claims against them. Although a prison official who had time to observe what was happening can "violate a prisoner's Eighth Amendment rights by failing to intervene in the violation imposed by someone else," this analysis does not seem to extend to an official who merely reviews an administrative grievance. Jacobs v. Woodford, 2011 WL 1584429, *6 (E.D. Cal. Apr. 25, 2011) (citing Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995)). Where a defendant's only involvement in the allegedly

unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Perkins v. California Dep't of Corr. & Rehab., 2010 WL 3853276, at *7 (E.D. Cal. Sept. 30, 2010), aff'd sub nom. Perkins v. Woodford, 453 F. App'x 711 (9th Cir. 2011) (citation omitted). On the other hand, if a medically trained official reviews and denies an appeal, such official may be liable under the Eighth Amendment if the prisoner can show that the official knew, at least in part from reading the appeal, that the plaintiff had a serious medical issue yet chose not to offer treatment. See Sevilla v. Terhune, 2009 WL 1211393, at *6 (E.D. Cal. 2009) (plaintiff "will likely also be able to state a cognizable claim against defendants with medical training if they reviewed and ruled against plaintiff in his medical grievances/appeals on that same issue"). Because plaintiff fails to make specific allegations as to defendants S. Gates and E. Davis, the claims against these defendants are dismissed.

III.   PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant Yasser Mansoor and pursue his potentially cognizable Eighth Amendment claims against only that defendant, or plaintiff may delay serving any defendant and attempt to state a cognizable claim against defendants S. Gates and E. Davis. If plaintiff elects to proceed forthwith against defendant Yasser Mansoor, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants S. Gates and E. Davis without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants S. Gates and E. Davis. If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants S. Gates and E. Davis, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought

4

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants S. Gates and E. Davis are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants S. Gates and E. Davis. Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendant Yasser Mansoor. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 26, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rush2183.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAMIR SALADIN RUSHDAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YASSER MANSOOR, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-2183 CSK P<br><br><br><br>NOTICE OF ELECTION |

　　　Plaintiff elects to proceed as follows:

　_____　　Plaintiff opts to proceed with his Eighth Amendment claims against defendant Yasser Mansoor.  Under this option, plaintiff consents to dismissal of the Eighth Amendment claims against defendants S. Gates and E. Davis without prejudice.

　　**OR**

　_____　　Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff

1