UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAMIR SALADIN RUSHDAN, | No. 2:24-cv-2183 CSK P |
| Plaintiff, | |
| v. | ORDER |
| YASSER MANSOOR, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claim against Dr. Yasser Mansoor based on his alleged deliberate indifference to plaintiff's serious medical needs in the care of plaintiff's chronic keloids. Plaintiff requests that the court appoint counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff asks the Court to appoint Chan Kim, Attorney at Law, to represent plaintiff because Mr. Kim volunteered to negotiate a settlement with defendant. (ECF No. 24 at 2.) Plaintiff did not provide any document from Mr. Kim indicating Mr. Kim's willingness to represent plaintiff in this action, and Mr. Kim has not filed such a notice with the Court. Rather, on March 21, 2025, Mr. Kim filed a notice of appearance for the limited purpose of representing plaintiff in settlement negotiations. (ECF No. 20.) If Mr. Kim wishes to represent plaintiff pro bono in this action, Mr. Kim should contact Sujean Park, ADR and Pro Bono Director, spark@caed.uscourts.gov, to discuss an appointment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 24) is denied without prejudice.

Dated:  08/06/25

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rush2183.31.new

2